IN THE MATTER OF JACK W. BROADFIELD.

[No. 573S92. Filed August 20, 1974.]

DISCIPLINARY ACTION

ARTERBURN, C.J.—This proceeding was instituted on May 16, 1973, by the filing of a Verified Complaint for Disciplinary Action against Respondent by the Executive Secretary of the Disciplinary Commission of the Supreme Court. On June 18, 1973, the Honorable William M. Lienberger was appointed Hearing Officer. On January 21, 1974, the said Hearing Officer ordered a hearing on the merits set for April 30, 1974. A hearing commenced on April 30, 1974. The Hearing

Officer made the following Findings of Fact and Recommendations:

### FINDINGS AND RECOMMENDATION
### OF HEARING OFFICER

The undersigned Hearing Officer was heretofore appointed by the Supreme Court of the State of Indiana on June 18, 1973. The said Hearing Officer was appointed to hear evidence and determine the merits with regard to the Verified Complaint for Disciplinary Action which was filed on May 16, 1973. On January 21, 1974, the said Hearing Officer ordered a hearing on the merits set for April 30, 1974.

On April 30, 1974, in the courtroom of the Circuit Court, in the Bartholomew County Courthouse, Columbus, Indiana, the Supreme Court Disciplinary Commission appeared by John B. Ramming, its Executive Secretary, and by Samuel A. Fuller, assistant counsel for the Disciplinary Commission, heretofore approved by the Supreme Court. The Respondent, Jack W. Broadfield, failed to appear either in person or by counsel.

The Disciplinary Commission then introduced evidence in support of its Verified Complaint for Disciplinary Action and rested. The said hearing was then ordered to be continued until 9:00 A.M., May 30, 1974, in order for the Relator to file proposed findings.

The Hearing Officer respectfully submits the following findings of fact established by the evidence at the hearing conducted April 30, 1974, namely:

1. That the Respondent is a duly admitted member of the Indiana State Bar, having been admitted to the same on May 11, 1960.

2. That the Respondent was notified of the hearing on the Verified Complaint for Disciplinary Action by certified mail at his last known address on January 21, 1974, and the same was returned as "addressee unknown".

3. That the Respondent was notified by publication on October 8, 15 and 23, 1973, that a Verified Complaint for Disciplinary Action had been filed against the said Respondent by the Disciplinary Commission. The Respondent failed to acknowledge the said notice.

4a. That the Respondent was employed by Roy R. Lewis on April 13, 1966, to litigate a real estate claim on his behalf. The Respondent was paid eight hundred fifty dollars ($850.00) by said Lewis to perform said services. A hearing was held in 1970 with respect to the above-mentioned claim, at which the Respondent failed to appear. The Respondent did not notify his client, Lewis, of the said hearing. Judgment was entered in favor of the opposing party.

b. That said Lewis, upon learning of the adjudication of his cause, attempted to contact the Respondent by both telephone and certified mail. Lewis was unable to contact the Respondent, and has not been in contact with the Respondent from that time until the present.

c. That said Lewis, through other counsel, petitioned the court to have the aforesaid judgment set aside. The Court dismissed the said petition and refused to set aside the judgment.

d. That the Respondent did not notify Lewis that he was withdrawing from the case.

e. That the Respondent has not refunded the fee that Lewis paid him, or any portion thereof.

5a. That the Respondent was employed by Carl R. Gardner in December, 1967, to serve as the attorney for Gardner's deceased mother's estate. Gardner was appointed to serve as administrator of said estate.

b. That the Respondent was paid two hundred and fifty dollars ($250.00) in 1968 for his services to the estate.

c. That in 1968, the Respondent solicited money from Gardner. That subsequently said Gardner made two (2) loans to the Respondent. The said loans were made from the

funds of the estate. The Respondent, as counsel for the estate, advised the administrator, Gardner, that it was proper to take the above mentioned money from the funds of the estate. The Respondent was aware that the funds for the loans were taken from the estate. The court with jurisdiction over the estate did not authorize the loans.

d. That both loans were secured by promissory notes; each note was signed by the Respondent. The face value of the note dated July 8, 1968, was two thousand six hundred twenty-five dollars ($2,625.00). The face value of the note dated February 28, 1969, was two thousand dollars ($2,000.00).

e. That in payment of said notes, the Respondent gave Gardner a check for four thousand one hundred dollars ($4,100.00). The check was presented to the bank on which it was drawn for payment. The bank refused to make payment due to insufficient funds in the Respondent's account. The Respondent has not paid either note.

f. That after payment on the four thousand one hundred dollar ($4,100.00) check was refused, Gardner attempted to contact the Respondent by telephone and personal appearances. Gardner was unable to contact the Respondent in 1970, so he employed another attorney, Richard H. Riegner, to represent the estate and attempt to collect the two (2) notes.

g. That Attorney Riegner, after repeated personal attempts to secure the payment of the notes from the Respondent, filed suit against the Respondent in 1970. The Respondent did not make any appearance in that action, and final judgment in the amount prayed for was entered in favor of said Gardner. The said judgment has not been collected.

6. The Hearing Officer finds and concludes that the Respondent, due to the above-mentioned activities and conduct, is guilty of professional misconduct in violation of Disciplinary Rules 1-102(A) (3), (4), (5), and (6); 2-110(A) (1), (2), and (3); 2-110(C) (5); 4-101(B) (2), and (3); 5-104(A); 7-101(A) (1), (2), and (3); and 9-102(A) and (B), and corresponding Canons of Professional Ethics 11, 15,

21, 29, 32, and 44 and in violation of the Oath of Attorneys for Members of the Indiana State Bar.

The Hearing Officer hereby recommends that the Respondent, Jack W. Broadfield, be permanently disbarred from the practice of law in the State of Indiana.

Entered this 3rd day of June, 1974.

> William M. Lienberger
> Hearing Officer
> Supreme Court of the
> State of Indiana

The Court being duly advised in the premises now approves the Findings of Fact as found by the Hearing Officer and the Recommendation thereof.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Jack W. Broadfield be and he is hereby disbarred from the practice of law permanently in the State of Indiana, and that the costs of this proceeding be taxed against the said Respondent.

ALL JUSTICES CONCUR.

NOTE.—Reported at 315 N.E.2d 357.