Aaron E. WAGNER, Appellant,

v.

STATE of Indiana, Appellee.

No. 384 S 87.

Supreme Court of Indiana.

Dec. 7, 1984.

Robert Canada, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Aaron Wagner was found guilty by The Honorable Webster L. Brewer in the Marion County Superior Court on October 31, 1983, of Criminal Deviate Conduct, a class B felony, and Rape, a class B felony. On November 7, 1983, Appellant was found to be an habitual offender. The trial court accordingly sentenced Appellant to concurrent imprisonment terms of ten (10) years for criminal deviate conduct, and ten (10) years for rape. A consecutive term of thirty (30) years was also imposed upon Appellant for being an habitual offender. Appellant now directly appeals and raises the following issues:

1. insufficiency of the evidence;

2. error by the trial court due to its refusal to consider the imposition of the mini-

mum sentence even though no mitigating circumstances were shown; and

3. error by the trial court in the manner by which it imposed the habitual offender sentence.

On January 9, 1983, M.B., the victim, was walking home with a friend when they encountered Appellant outside M.B.'s home. M.B. invited Appellant into her home because her friend knew him. M.B. went into the kitchen to cook dinner and Appellant followed her. He made advances but M.B. declined them. Appellant eventually left with M.B.'s friend, Betty Newhouse. Thereafter, M.B. left to buy cold medicine for her children. As she walked to the store, Appellant drove up beside her and offered her a ride which M.B. accepted. Appellant then drove into a nearby alley and locked the car doors electronically. When M.B. struggled to escape, Appellant threatened to cut her. He pulled her hair, struck her in the stomach, and gripped her hand as she struggled to escape. He then pulled off her pants and underwear and raped her. After the rape, he performed oral sex on her. As the appellant was zipping his trousers, M.B. escaped.

I

Appellant contends the State's case is inherently unbelievable. As a result, he argues, the verdict is unsupported by the evidence and must be reversed. We do not agree.

Appellant asserts that the victim's charges and testimony were motivated by jealousy and revenge. Appellant testified M.B. said she would "get even" with him. He felt this statement was attributable to the fact that M.B. was jealous of his sexual involvement with other women and because he had wrongfully taken fifteen ($15.00) dollars from her. State witness Betty Newhouse testified she and Appellant drove to a liquor store on a Sunday where Appellant bought liquor. Since liquor sales are prohibited in Indiana on Sundays, Appellant urges these two examples evidence a fabrication and inherent unbelievability warranting reversal of his conviction.

When the Court is confronted with a challenge to the sufficiency of the evidence, it neither weighs evidence nor judges credibility; rather, the Court examines only the circumstantial and direct evidence most favorable to the State, together with all reasonable inferences which can be drawn therefrom. If there is substantial evidence of probative value to support the conclusion the defendant is guilty beyond a reasonable doubt, the verdict will not be set aside. *Smith v. State*, (1984) Ind., 465 N.E.2d 1105, *reh. denied; Lindsey v. State*, (1984) Ind., 465 N.E.2d 721. Appellant's challenges address the weight and credibility of evidence, which is the province of the fact finder and will not be rejudged on appeal. It was for the fact finder to decide whether to believe Appellant's testimony. The fact finder also had the task of assessing Betty Newhouse's testimony and its effect on the credibility of the State's case. *Everroad v. State*, (1983) Ind., 442 N.E.2d 994, 1003; *Loyd v. State*, (1980) 272 Ind. 404, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Newhouse's testimony was not essential to the case as it is well settled that the victim's testimony is sufficient to sustain a rape conviction. *Morgan v. State*, (1981) Ind., 425 N.E.2d 625; *Ives v. State*, (1981) Ind., 418 N.E.2d 220, *reh. denied.*

Although we have in a few instances determined that the evidence was insufficient because the *only* incriminating evidence was inherently unbelievable, we do not find this case to be such a case. *Bentley v. State*, (1981) Ind., 414 N.E.2d 573, 574 (emphasis added). The facts as they are set out above, and as they were related by the rape victim, sufficiently establish the elements of rape and criminal deviate conduct. Furthermore, the victim's testimony was corroborated by other witnesses. Betty Newhouse testified that Linda Wagner, Appellant's sister-in-law, called her with an offer of five hundred ($500.00) dollars as a bribe from Appellant if Newhouse would not identify Appellant. Newhouse declined the offer and received a subsequent call from Linda Wagner asking Newhouse to relay Appellant's bribe of five

hundred ($500.00) dollars to M.B. in exchange for M.B. dropping the charges. Linda Wagner took the stand and admitted offering Newhouse the bribe from her brother-in-law. Also, Alice Parnell, an Indianapolis Police Officer, testified that Appellant admitted owning a silver and turquoise ring and driving a silver car with red interior. Both of these items matched descriptions given by the victim. Betty Newhouse also testified Appellant took her home but made an excuse to go back out. She said he was gone for about an hour and then returned. This all occurred during the relevant time span of the rape. This clearly was not an instance where the only incriminating evidence was inherently unbelievable. The appellant has therefore failed to demonstrate any error by raising this issue.

## II

■ Appellant next contends the trial court erred by sentencing Appellant to the presumptive sentence of ten (10) years for each of the class B felonies, to be served concurrently. Appellant's habitual offender conviction for thirty (30) years is ordered to be served consecutive to the ten (10) year sentence totalling forty (40) years. Appellant concedes that when a trial court imposes a sentence less than the presumptive sentence, the court must disclose in the record which mitigating factors were used by the court in the reduction of the sentence. *Lane v. State*, (1983) Ind., 451 N.E.2d 659, 660. Both felonies Appellant committed were class B felonies carrying a presumptive sentence of ten (10) years and a minimum sentence of six (6) years. Ind. Code § 35-50-2-5 (Repl.1979). The trial court did not find any mitigating circumstances in Appellant's case. Now Appellant argues that the trial court need not have found the existence of any mitigating factors to have reduced the sentence for each crime from the presumptive sentence of ten (10) years to the minimum sentence of six (6) years. He argues that if a judge imposes a *total* sentence less than the presumptive sentence, specified mitigating reasons must be given. However, Appel-

lant argues, since the imposition of the thirty (30) year sentence for the habitual offender conviction exceeds the presumptive ten (10) year sentence for each felony conviction, the trial court need not have found the existence of any mitigating circumstances to reduce the sentences from ten (10) years to six (6) years. Accordingly, Appellant asks this Court to remand this case to the lower court with the understanding that a thirty-six (36) year sentence could be imposed without enumerating a specific mitigating factor.

In *McCormick v. State*, (1974) 262 Ind. 296, 315 N.E.2d 360 we cited with approval *United States ex rel. Smith v. Dowd*, (1959) 271 F.2d 292, 295 (7th Cir.) which discussed the habitual offender statute in effect at that time as follows:

> "It is well recognized that § 9-2208 is part of the plan employed by Indiana for the purpose of assuring enhanced punishment of persistent offenders and utilizes and *requires the imposition of separate and distinct sentences, one imposing the normal penalty prescribed by law for the particular offense involved and the other imposing a further penalty of life imprisonment.*" (Citations omitted).

Although the habitual offender statute has been amended since *McCormick* and *Dowd*, the statute's purpose and application remain fundamentally the same. *McCormick* and *Dowd* made clear that the sentencing laws are applicable to each criminal conviction individually and do not consider the summation of the possible sentences for other crimes. *See Riley v. State*, (1982) Ind., 432 N.E.2d 15, 16 *reh. denied.* The trial court, therefore, did not err by sentencing Appellant to the presumptive ten (10) year term for each felony, to run concurrently, because no mitigating factors were found to exist. Consequently, Appellant has failed to show any error by the trial court with regard to this issue.

## III

■ Finally, Appellant contends, and the State concedes, that the trial judge incor-

rectly imposed an habitual offender sentence upon Appellant. After finding Appellant to be an habitual offender, the trial court ordered Appellant be imprisoned for a term of thirty (30) years consecutive to the sentences already imposed. This was improper. Being an habitual offender is not a separate crime for which a defendant is found guilty, but is status requiring the trial judge to enhance a penalty already given. *Green v. State*, (1984) Ind., 461 N.E.2d 108, 115. Rather than sentence Appellant to a separate term of thirty (30) years consecutive to the other sentences received, the trial judge should have enhanced the sentence given for one of the crimes by thirty (30) years giving a total term for that sentence including the thirty (30) year enhancement. Accordingly, we remand this cause to the trial judge for correction of Appellant's sentences pursuant to this opinion. The trial court is affirmed in all other respects.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.