Kent Allen DAY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1285S517.

Supreme Court of Indiana.

Dec. 30, 1986.

Diane McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Kent Allen Day was convicted at the conclusion of a jury trial in the Lake County Superior Court of robbery, a class B felony, and felony murder. He was sentenced to concurrent terms of ten (10) and sixty (60) years for the robbery and felony murder, respectively. The sole issue on direct appeal is whether the evidence was sufficient to support Appellant's conviction, thus also supporting the trial court's denial of Appellant's motion for a directed verdict.

Where sufficiency of the evidence is raised on appeal, we neither weigh the evidence nor judge the credibility of the witnesses; rather, we look to the evidence most favorable to the State, together with all reasonable inferences therefrom. If a substantial body of probative evidence is found, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Furthermore, if the evidence is sufficient to sustain the conviction on appeal, there can be no error in the trial court's denial of a motion for a directed verdict. *Vincent v. State* (1986), Ind., 489 N.E.2d 49, 53. Finally, circumstantial evidence alone may support a conviction. *Correll v. State* (1985), Ind., 486 N.E.2d 497, 500.

The evidence in the present case clearly supports the jury's verdict. On December 7, 1984, at about 6:15 p.m., Bernice Rizzardo and Irene Marciniak were on their way to church near Carey and 148th Streets in East Chicago, Indiana. A young, black, male passed them, pulled a handgun on Marciniak, and took her purse. He then pointed his gun at Rizzardo, who did not have a purse. The man crossed the street and approached Michael Spudich. Rizzardo saw the man point his gun to the right side of Spudich's head, and heard a gunshot. Rizzardo turned and saw Spudich fall to the ground as the perpetrator fled.

Rizzardo and Marciniak aided the local police by giving a description of the perpetrator as a young, black, male aged 20–25 years, approximately 5'9" tall, weighing 140 pounds, light skinned, slender build and slender face, wearing a beige hat with a two inch rim all around it, and a finger-tip length beige or tan cloth coat. A third witness to the shooting gave a description supporting that of Rizzardo and Marciniak.

Appellant's Aunt, Sarah Day, testified that on the evening of the robbery and

murder, Appellant returned home at approximately 6:15–6:20 p.m., and that he was out of breath, and was "huffing and puffing". Appellant stepped outside, vomited, came back inside, sat at the table, and told his aunt he had robbed and shot someone, and that two women and a man were involved. Sarah Day's further testimony regarding Appellant's attire on that evening matched that of the description given by the witnesses to the robbery and murder. Several live rounds of .32 caliber ammunition were found in the pocket of Appellant's jacket. The bullet that killed the victim was so distorted the caliber could not be positively determined, but an expert witness testified it was no smaller than a .32 nor larger than a .38.

This evidence is clearly sufficient to support the jury's verdict. Appellant's argument is based on the fact that witnesses were unable to positively identify him or items of his clothing. Their testimony, however, considered with that of Appellant's Aunt, Sarah Day, and that of the ballistics expert, presented sufficient evidence supporting the jury's verdict.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER and DICKSON, JJ., concur.

SHEPARD, J., not participating.