Michael CRISP, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 1084S413PS.

Supreme Court of Indiana.

Aug. 14, 1987.

Rehearing Denied Nov. 19, 1987.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner-Appellant Michael Crisp was convicted by jury of Murder. On December 6, 1976, he was sentenced to life imprisonment. His conviction was affirmed in *Crisp v. State* (1979), 271 Ind. 534, 394 N.E.2d 115. Crisp's Petition for Writ of Habeas Corpus was denied by the United States District Court for the Southern District of Indiana and that denial was affirmed in *Crisp v. Duckworth* (7th Cir. 1984), 743 F.2d 580, *cert. denied* (1985), 469 U.S. 1226, 105 S.Ct. 1221, 84 L.Ed.2d 361.

On March 14, 1984, Crisp filed a *pro se* Petition for Post-Conviction Relief alleging prospective jurors had viewed him in handcuffs. He subsequently filed a Memorandum of Law and List of Witnesses for the post-conviction hearing. On July 30, 1984, the State filed a Motion for Summary Judgment which was granted that same day. Crisp was not given notice and did not have an opportunity to respond before the court granted summary judgment.

Crisp now directly appeals, challenging the trial court's grant of summary judgment without affording him time to respond. Crisp argues that the premature granting of the State's motion on the same day it was filed and before it was set for a hearing deprived him of due process of law. He alleges harm in that he lost his chance to submit any materials demonstrating the existence of an issue of material fact. The State argues any error is harmless because Crisp did not adequately demonstrate prejudice.

The sole issue presented is that prospective jurors may have seen Crisp in handcuffs while being moved between an elevator and the courtroom. Crisp alleges he saw persons in and about the elevators and hallway whom he later saw on the jury. Thus, he was aware of this situation at the time. However, no justification is offered for the failure to raise this issue before, at, or after the trial or on direct appeal of the conviction. This issue was clearly available to Crisp, not only at his direct appeal, but even before the swearing in of the jury at his original trial. Absent a showing by the post-conviction petitioner that an issue was unascertainable or unavailable at the time of trial and direct appeal, allegations of error arising therefrom may not be raised in the post-conviction proceedings. *Cummings v. State* (1986), Ind., 495 N.E.2d 181, 182. Since Crisp has not demonstrated any justification for failing to raise the issue on direct appeal, he may not raise it now.

Further, if the pleadings conclusively show that a petitioner is entitled to no relief, the court may deny the petition without further proceedings. Ind.R.P.C. 1(4)(e). Crisp alleges that members of the jury saw him in handcuffs. However, the fact that a defendant has been seen by jurors while being transported in handcuffs is not a basis for reversal, absent a showing of actual harm. *Jenkins v. State* (1986), Ind., 492 N.E.2d 666, 669. Reasonable jurors expect a defendant who is an inmate of a penal institution to be in police custody while transported through a public hallway of the courthouse. *Jenkins*, 492 N.E.2d at 669; *Johnson v. State* (1977), 267 Ind. 256, 369 N.E.2d 623, *cert. denied* (1978), 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791. In *Johnson*, where the defendant was charged with first degree murder, this Court found a reasonable jury would expect him to be in police custody and thus, he was not harmed by having been seen in handcuffs. Such is the case here. Since there is no harm to a defendant who is charged with murder being seen in handcuffs while in the courthouse hallway, the pleadings conclusively show that Crisp was not entitled to post-conviction relief. Thus, pursuant to Ind.R.P.C. 1(4)(e), the State was entitled to summary judgment as a matter of law.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.