**Cornelius HILL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8604–CR–330.

Supreme Court of Indiana.

Jan. 11, 1988.

Rehearing Denied March 23, 1988.

Kenneth T. Roberts, Kenneth T. Roberts & Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which he received a sentence of fifty (50) years.

The facts are: On May 12, 1985, the body of Taiwan Lofton was discovered face down in a shallow pond near Fall Creek in Indianapolis. The face and hands were bound with masking tape and the neck and feet were tied together with electrical extension cord. A length of metal pipe was protruding from the victim's anus; an autopsy revealed that the pipe's threaded end had been jammed eleven inches into his abdominal cavity, damaging his rectum, bowel and kidney prior to death. The cause of death was determined to be a combination of strangulation from the cord and internal abdominal trauma from the pipe.

Testimony at appellant's trial indicated that he and the victim had from time to time had a homosexual relationship, but had suffered a falling out over a third homosexual, Kenneth Shannon. As a witness, Shannon testified appellant had told him that on the night of Lofton's death, the victim, while intoxicated, attacked appellant in his basement. In the struggle that ensued, appellant clubbed Lofton on the head, knocking him out.

From that point on, appellant's version as related through Shannon diverges from that of codefendant Anthony Hill, who plea bargained to testify against appellant in exchange for a two (2) to eight (8) year sentence. Shannon testified that Anthony Hill, appellant's step-brother, had expressed animosity toward Lofton and according to appellant had insisted on securing the victim with the tape and electrical cord while appellant waited upstairs. Then they transported Lofton's body in the trunk of his car to Fall Creek where it was dumped. Anthony, however, testified that Lofton's body was already trussed up in the car's trunk when he arrived at appellant's home that night, and that appellant forced him to assist in the dumping of the body. Neither of the codefendants' stories provided direct evidence of who caused Lofton's death, yet each implied that the anorectal trauma was administered with the pipe by the other while out of the declarant's view.

Appellant contends that the trial court erred in refusing to give his Tendered Final Instruction No. 3 which reads:

"[T]o warrant a conviction of a crime ... the circumstances satisfactorily established [must be] of so conclusive a character, and point so surely and unerringly to the guilt of the defendant, as to exclude every reasonable hypothesis of his innocence."

He argues that if a tendered instruction is required by the evidence and correctly states the law, it is error to refuse it unless its substance is adequately covered by other instructions given. *Eddy v. State* (1986), Ind., 496 N.E.2d 24. Appellant argues that his tendered instruction is not

adequately covered by the instructions given. However, we find that the court's Final Instruction No. 21 covers the subject quite adequately. It reads as follows:

"To justify a conviction ... on circumstantial evidence, the circumstances disclosed by the evidence must be of such character and strength as to exclude every reasonable hypothesis except that of the defendant's guilt."

Thus the refusal to give appellant's Tendered Instruction No. 3 was not error.

█ Appellant contends the trial court erred in admonishing defense counsel during his closing argument. He referred to codefendant Anthony Hill as the State's "key witness, whom they bribed by using a plea bargain, ...." The State objected. The trial court ruled as follows: "Mr. Roberts [defense counsel], I would have to admonish you that the word 'bribe' carries connotations that have not come into evidence in this case. I would admonish the jury to disregard the comments by defense counsel."

The conduct of final argument lies within the sound discretion of the trial court; a conviction will not be reversed unless there has been a clear abuse of discretion resulting in some prejudice to the accused. *Kalady v. State* (1984), Ind., 462 N.E.2d 1299. Appellant argues that the court's admonition projected a partial, skeptical view of appellant's argument, to his prejudice, and that it was "surely not unfair to categorize [the plea bargain] as a 'bribe'," since substantial benefits were exchanged between Anthony and the State. The term "bribe" denotes an improper transaction, and since Anthony's plea bargain with the State was not shown to be improper, the trial court was well within its discretion when it so admonished defense counsel.

█ Appellant contends the trial court erred in overruling his objection to the admission into evidence of a series of photographic slides depicting the victim's body prior to the autopsy. Exhibits Nos. 40 through 56 were offered by the State to illustrate the pathologist's testimony regarding the victim's wounds and the cause of death. Appellant admitted that photo-

graphic prints depicting the same subject would be admissible, yet he objected that the slides would be unduly prejudicial and inflame the jury. We have previously held that slides are no more prejudicial than are photographic prints depicting the same subject. *Chandler v. State* (1981), 275 Ind. 624, 419 N.E.2d 142. Appellant additionally contends that the content of the slides, while relevant, was repetitive and inflammatory. Before ruling on the objection, the trial court conducted an *in camera* inspection of the slides. She found them admissible and that "they would, in fact, aid the testimony of the witness and ... assist the jury in the finding of truth here." Our examination reveals that the slides depict the body only in its natural state following death and prior to the autopsy. The slides provide a logical progression of illustrations to the pathologist's testimony. The admission of the slides was not error.

█ Appellant contends that the trial court erred in denying his motion to suppress inculpatory statements made by appellant to witness Shannon. Defense counsel's *voir dire* of Shannon, together with Detective Reardon's testimony, show that Shannon served as a "go-between" to relay messages from the police to appellant. The police also asked Shannon to encourage appellant to make a statement to them. On the morning of appellant's arrest, he visited Shannon and related his version of events surrounding the murder. Then they went to the police, where appellant made a confession which was found to be "custodial" and was suppressed as being in violation of appellant's right to counsel. Appellant argues that his admissions to Shannon should similarly have been suppressed because Shannon was acting as an agent of the State and allowing his testimony of the admissions made to him violated appellant's Sixth Amendment right to counsel, citing *U.S. v. Henry* (1980), 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115.

The trial court refused to suppress Shannon's testimony. We note the State had promised Shannon nothing in return for his influence on appellant. We further note that regardless of the witness's agency, the

admissions in question were made by appellant before he was in custody and before he was formally charged. The Sixth Amendment right to counsel attaches only upon reaching a critical stage of the adversary proceeding. *Kirby v. Illinois* (1972), 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; *Edwards v. State* (1976), 265 Ind. 239, 352 N.E.2d 730. "Appellant was not deprived of his Sixth Amendment right to counsel when he gave his non-custodial confession before charges regarding the murder were filed." *Scott v. State* (1987), Ind., 510 N.E. 2d 170, 172. Since his right to counsel had not yet attached, it was not violated. The admission of Shannon's testimony was not error.

■ Appellant contends the evidence presented by the State was insufficient to support the verdict, and the trial court erred in overruling his motion for judgment on the evidence. The only evidence that appellant killed the victim was circumstantial and arose from Anthony's testimony. However, Shannon's testimony relating appellant's version of events implied that Anthony, and not appellant, inflicted the lethal trauma. Appellant argues that given codefendant Anthony's plea-related motivation to shift blame away from himself, his testimony was too improbable and incredible to support a guilty verdict. We disagree. Not only may a conviction be supported by circumstantial evidence alone, *Day v. State* (1986), Ind., 501 N.E.2d 1076, but a conviction may also be sustained on the uncorroborated testimony of a single witness. *Mullins v. State* (1987), Ind., 504 N.E.2d 570. When reviewing sufficiency of the evidence, we do not reweigh the evidence nor judge the witnesses' credibility. Rather, we look to the evidence most favorable to the State along with all reasonable inferences therefrom. *Roland v. State* (1986), Ind., 501 N.E.2d 1034.

In the case at bar the evidence could have led a finder of fact to conclude that either appellant or Anthony Hill, or both, had killed the victim. The jury found that appellant was guilty. Where circumstantial evidence gives rise to two reasonable inferences, one of guilt and another of innocence, we will not determine which inference controls; such a determination is a matter within the province of the jury. *Davis v. State* (1968), 251 Ind. 133, 239 N.E.2d 601. In light of the evidence most favorable to the State, we hold that a jury could reasonably infer that appellant did the killing; thus the evidence was sufficient to support his conviction.

Appellant contends that reversible error, in the form of an impermissible comment on his failure to testify, resulted from the following remarks made by the State in closing argument:

"Now, the last thing in all that physical evidence—the pipe. I know the pipe bothers you. Of all the features of the way this crime was committed, yes, indeed, the pipe is the most outstanding one, the most aggravating one, and nobody allegedly knows anything about the pipe. Mr. Shannon testified that the Defendant didn't tell him anything about the pipe, didn't know about the pipe, but suggested that perhaps Tony did it after he was left alone with the body. And I know, Tony sat right up there and he didn't know anything about that pipe either. Is one of them hiding something? Probably. Probably. Think about human nature for a moment, whether you're a homosexual or not.

MR. ROBERTS: Your Honor, I'm going to object to prosecutor indicating that one of them is hiding something and would ask that that remark be stricken from the record and that the jury be instructed to disregard it and the prosecutor be admonished.

COURT: For what reason?

MR. ROBERTS: He indicates that one of them is hiding something, referring to his key witness and perhaps my client. That's his inference.

COURT: Well, he is giving closing argument and the jury is the finder of the facts and the law, and I would instruct them that they are to find the facts and the evidence as they have heard it. You may proceed."

■ Appellant argues that the prosecution implied that had appellant not been

hiding something, he would have testified. The general rule is that any comment which is subject to interpretation as a comment upon the accused's failure to testify is impermissible as an impingement on his constitutional and statutory rights not to testify. *Parsons v. State* (1985), Ind., 472 N.E.2d 915, *cert. denied*, 471 U.S. 1107, 105 S.Ct. 2342, 85 L.Ed.2d 857.

However, if in its totality the prosecutor's comment is addressed to other evidence rather than the defendant's failure to testify, it is not grounds for reversal. *See Harper v. State* (1985), Ind., 474 N.E.2d 508. If a prosecutor's comment merely relates to conflicts in, or conclusions to be drawn from the evidence, then it is not improper. *See Holland v. State* (1983), Ind., 454 N.E.2d 409. In the case at bar, the State argues that the comment was permissibly addressed to contradictions and gaps in the evidence concerning the pipe found in the victim's anus. We agree. An examination of the rest of the State's closing argument shows the prosecutor was explaining that it was only natural to deny having perpetrated so heinous an act, and thus his key witness's story was as credible as was appellant's version as related to Shannon. We find no impairment of appellant's Fifth Amendment right to avoid self-incrimination and no error in the State's remark.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.