Rosheen SMITH, Appellant,

v.

STATE of Indiana, Appellee.

No. 34S00–8701–CR–104.

Supreme Court of Indiana.

Feb. 23, 1988.

John C. Wood, Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Rape, a Class A felony, for which he received a sentence of forty (40) years, Criminal Deviate Conduct, a Class A felony, for which he received a sentence of thirty (30) years, and Confinement, a Class B felony, for which he received a sentence of ten (10) years. Counts I and II are to be served consecutively and Count III is to be served concurrently with Counts I and II.

The facts are: On September 13, 1985, the victim was sleeping in her vehicle

which was parked in the 400 block on East Sycamore Street in Kokomo, Indiana. At approximately 1:00 a.m., she was awakened by two men who forced their way into her automobile. One man, later identified as appellant, threatened the victim with a knife, struck her in the face several times, and forced her to have intercourse and oral sex against her will.

Appellant's accomplice started to have intercourse with the victim but was ordered to stop by appellant. Appellant and his accomplice drove the victim to an apartment where appellant again raped the victim. The victim was then taken to another residence where she was again raped.

■ Appellant claims there is insufficient evidence to support his convictions. He specifically addresses his argument to a claim that there is insufficient evidence to sustain the finding that he was armed with a knife. Following the rape, the victim told one of the investigating police officers that her assailant was armed with a knife. On the witness stand, the victim testified that appellant struck her and threatened her with a knife. She described the knife as being a switchblade approximately six inches long.

■ Appellant bases his argument on the fact that the victim did not tell other police officers, her relatives, or the attendants at the hospital that he was armed with a knife. He further points to the fact that his accomplice stated that he never saw appellant threaten the victim with a knife. Appellant also claims no knife was ever recovered from him or his apartment. Appellant's contentions merely raise the question of a weighing of the evidence by the jury. A conviction for rape can rest on the uncorroborated testimony of the victim. *Wagner v. State* (1984), Ind., 471 N.E.2d 669. There is ample evidence in this record upon which the jury could conclude that appellant was in fact armed with a knife and that he threatened the victim with the knife.

■ As to the evidence to support the crimes of criminal deviate conduct and confinement, not only the testimony of the victim fully supports these charges, but the testimony of appellant's accomplice fully supports those crimes. There was no lack of evidence to support the verdict of the jury.

■ Appellant claims the trial court abused its discretion in sentencing him to what amounted to a total of seventy (70) years. The trial court followed the guidelines set forth in Ind.Code §§ 35-50-2-4 and 35-50-2-5. In giving his reasons for enhancing the sentences, the trial court found that a weapon was involved, that the victim was physically abused, that there were in fact three separate rapes during the episode, and that to reduce the sentences would depreciate the seriousness of the crime. The trial court did not abuse its discretion in sentencing appellant in this cause.

■ Appellant, acting *pro se*, furnishes us with correspondence from his appellate counsel in which counsel explains why he does not argue all the matters which appellant wishes to argue on the appeal. Appellant then filed his *pro se* motion to amend his brief and raised the question that he was convicted by an all-white jury and that he is black. He thus claims he was denied his constitutional right to a jury trial made up of his peers.

Appellant claims there was only one black venireman on the panel and that he was numbered in such a fashion that he was never reached before a jury was selected to try the case. He furnishes us with no information or statistics to show the manner in which jurors were chosen nor is there any information to back up his bare assertion that he was the victim of discrimination. We do not find anything in this record indicating there was any deliberate attempt on the part of the State, the court, or any of its attaches to eliminate black persons from the panel. Absent such a showing, we cannot find that there was such discrimination. *Johnson v. State* (1983), Ind., 447 N.E.2d 1072.

From the examination of appellant's *pro se* petition and the correspondence from his appellate attorney attached thereto, and

from an examination of the record in this case we conclude that appellant's counsel was correct in advising that he found the matters which he waived to lack validity and they did not merit consideration on appeal.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.