Ronald E. BARNETT, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 2S00–8704–CR–420.

Supreme Court of Indiana.

June 2, 1988.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On October 20, 1986, a jury in the Allen Superior Court found Ronald E. Barnett, guilty of Rape, a class B felony. The court sentenced Barnett to a period of fifteen (15) years for the offense of rape and fined him $1000. The court found aggravating circumstances in Barnett's criminal history and the violence committed on the victim in this case. Barnett raises two issues for our review in this direct appeal:

1. sufficiency of the evidence, and

2. alleged error in denying Barnett's Motion *in Limine.*

The facts most favorable to the State show that in April, 1986, M.W. lived across the street from and became acquainted with Appellant Barnett. M.W. lived with her friend, Leuchia Atkinson. Barnett lived with his girlfriend. On April 6, 1986, Barnett came to M.W.'s home. He coaxed M.W. into leaving with him in order for her to go with him to the Arby's restaurant where she was employed so that she could obtain food for him at half price. They left in Barnett's car at approximately 10:00 p.m. They drove around for approximately two hours, making a few stops and smoking some marijuana while they were in Barnett's car. Finally, they pulled into the Hallmark Inn. Barnett indicated he was not getting along with his girlfriend and wanted to get a room for the evening to avoid her.

After Barnett obtained a motel room, he indicated to M.W. he had some business to do and asked M.W. to come inside the room and wait for him. When M.W. entered the room, Barnett locked the door behind her. Barnett started rolling and bagging some marijuana and the two talked about M.W.'s boyfriend. After about 30 minutes, M.W. questioned Barnett regarding leaving. Barnett told her she was going to stay in the room for two days and he would pay her for the work she would miss. M.W. became alarmed and tried to make a phone call.

M.W. stated Barnett then began pushing her around. He struck her several times about the head, grabbed her around the throat, and threw her on the bed. M.W. attempted to resist Barnett but he wrestled her to the floor where he ripped off her underpants from beneath her miniskirt and raped her. Barnett then flushed M.W.'s ripped underpants down the toilet. The two left the motel and Barnett drove M.W. home. M.W. testified the drive home took approximately fifteen minutes. She arrived there at 5:00 a.m. Once home, M.W. took a bath, and then went to bed. The next morning after talking to Leuchia Atkinson, M.W. called the police department and went to the hospital.

A physical examination of M.W. was conducted at St. Joseph Hospital and a Rape Test Kit was prepared for evidence. The results of the rape test kit revealed that semen or sperm were present in M.W.'s vaginal area. Additionally, M.W. sustained numerous bruises and contusions along the side of her face and head.

## I

█ Barnett claims the evidence is insufficient to support the verdict. Barnett complains the only evidence used to convict him is M.W.'s testimony. However, conviction for rape can rest on the uncorroborated testimony of the victim. *Wagner v. State* (1984), Ind., 471 N.E.2d 669, 670; *Lewis v. State* (1983), Ind., 451 N.E.2d 50, 53. Barnett asserts that the State has failed to prove that the intercourse was not consensual. However, as the facts most favorable to the State illustrate, M.W. accompanied Barnett to a hotel room where she was struck several times, choked, and forcibly made to submit to sexual intercourse with Barnett. The emergency room nurse who examined M.W. testified she observed M.W. was visibly upset and crying. M.W.'s voice was very hoarse, which the nurse stated happens when a person is choked hard enough to cause contusions on the larynx. The nurse also stated M.W. had red marks around her neck, a scratch on her left cheek and other contusions along the left side of her face. A police officer who collected the evidence obtained from the rape search kit at the hospital also testified M.W. was distraught, crying, had red marks around her throat area and a small scratch on her left cheek, and complained of head pain. Barnett's challenge addresses the weight and credibility of the evidence, which is a province of the fact finder and will not be rejudged on appeal. *Everroad v. State* (1983), Ind., 442 N.E.2d 994, 1003. The evidence was sufficient to support the verdict.

## II

█ Barnett claims the trial court erred in denying his Motion *in Limine* with respect to evidence referring to his use of a controlled substance on the evening of the incident. It is not the purpose of a motion *in limine* to obtain a final ruling on the admissibility of evidence. *Lagenour v. State* (1978), 268 Ind. 441, 450, 376 N.E.2d 475, 481. Evidence sought to be excluded by a motion *in limine* must be objected to at the time of its introduction at trial for any error in the denial of the motion to be preserved. *Id.* During trial, Barnett did not object to any of several references to his drug usage or business. Thus, he has failed to preserve any error at trial and has waived this issue for appellate review.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.