Charles Wayne ADAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 27S00–8808–PC–728.

Supreme Court of Indiana.

July 24, 1991.

Charles Wayne Adams, pro se.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of post-conviction relief. In 1968, appellant was found guilty of First Degree Murder and was sentenced to death. This Court on appeal affirmed the conviction but on re-hearing reduced his sentence to life imprisonment. *Adams v. State* (1971), 259 Ind. 64, 271 N.E.2d 425, *reh'g granted* (1972), 259 Ind. 164, 284 N.E.2d 757.

Subsequently, appellant filed a *pro se* petition which he designated as a petition for a writ of *habeas corpus* in the LaPorte Circuit Court. However, that court transferred the case to Grant County for post-conviction relief. A motion for change of judge was denied, and a hearing was held. On appeal, *Adams v. State* (1978), 268 Ind. 434, 376 N.E.2d 482, this Court remanded the case to the post-conviction court holding that a change of judge should have been granted and directing that a new post-conviction relief hearing be held.

Appellant now claims that opinion by this Court ordered a new trial. This Court's order was followed, and appellant did not appeal the denial of post-conviction relief. Instead, he filed an amended petition for post-conviction relief, the denial of which is the subject of this appeal. Appellant is in error in contending that the 1978 opinion by this Court ordered a new trial in his case. An examination of that opinion shows that this Court ordered a new hearing on the post-conviction relief petition, not a new trial on his original conviction. It is clear from this record that both the State and appellant proceeded on that theory at the time.

■ Appellant contends that portions of the trial proceedings are no longer available, and the lack of such transcripts re-quires that he be granted a new trial. When appellant's original appeal was taken, the transcript filed did not contain what at that time was considered to be unessential portions of the record.

Appellant has filed an affidavit stating the impossibility of reconstructing the record. However, appellant makes no showing of any attempt on his part or any other person to reconstruct the record. He makes a conclusory statement that "[n]o one who was a party to this cause, nor the judge who presided, may now recall certainly the phrases uttered at trial." However, appellant makes no showing that such is the fact. He has made no attempt under Ind. Appellate Rule 7.2(A)(3)(c) to reconstruct the missing portions of the trial record. We find appellant's contention that he be granted a new trial for this reason must fail. *See Zimmerman v. State* (1982), Ind., 436 N.E.2d 1087.

■ Appellant contends the murder was committed on land owned at the time by the United States government and as such the federal courts had exclusive jurisdiction. The land in question had been acquired by the federal government pursuant to the Flood Control Act, 33 U.S.C. §§ 701(b)–708 (1958). Indiana Code § 4–21–1–1 provides that land ceded to the United States under this type of condition remains under the joint control of both the state and federal government and that civil or criminal actions arising on such land may be prosecuted by either authority.

■ It is clear the State of Indiana retained concurrent jurisdiction over the land in question. *See Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042, *cert. denied*, 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. Where an act constitutes a violation of both federal and state law, both can proscribe the act and have concurrent jurisdiction over it. *See* 8 I.L.E., *Criminal Law*, § 42 pp. 124–25 (1971). We find no "want of jurisdiction."

■ Appellant contends the Huntington City Court did not have jurisdiction over a murder charge and contends that all actions taken by that court are void.

Pursuant to usual procedure, appellant was brought before the city court on a preliminary affidavit of murder and was thereafter bound over to a grand jury. Subsequently, an indictment was obtained for the murder and filed in the Huntington Circuit Court. We see no irregularity in this procedure.

■ Appellant contends he was denied a fair trial because while in handcuffs he was viewed by prospective jurors. This Court stated in *Crisp v. State* (1987), Ind., 511 N.E.2d 306, 307: "[T]he fact that a defendant has been seen by jurors while being transported in handcuffs is not a basis for reversal, absent a showing of actual harm." Appellant has shown no such harm. In addition, this was an issue which should have been brought up on direct appeal but was not. Therefore it is waived. *Id.* We find no error.

■ Appellant contends the trial court's instructions weakened his insanity defense. No objection was raised at trial and the alleged error in giving the instructions was not raised on direct appeal. The failure to object at trial or raise the error on direct appeal constitutes a waiver. *See Haggenjos v. State* (1986), Ind., 493 N.E.2d 448.

■ Appellant contends that conduct by the prosecutor during final argument was improper thereby requiring a reversal.

Here again, appellant neither objected to the comments at trial nor raised them in his direct appeal. Thus the issue is waived. *See Frith v. State* (1983), Ind., 452 N.E.2d 930. However, in an attempt to avoid waiver, appellant argues fundamental error. Fundamental error is characterized as one which is "blatant and which if not rectified would deny the petitioner fundamental due process." *Haggenjos, supra* at 450.

However, the record does not support appellant's contention. The final argument of the prosecutor addressed the evidence presented to the jury. As this Court stated in *Carpenter v. State* (1986), Ind., 501 N.E.2d 1067, 1070:

"It is entirely proper for the prosecuting attorney and for defense counsel to summarize the evidence and to make their respective arguments concerning their position as to such evidence. The fact that an issue is for the jury to determine does not preclude its mention on final argument by either party."

We find no error.

■ Appellant argues that some statements made by the prosecutor were improper because they made reference to appellant's failure to testify. However, in examining appellant's contentions in this regard we find no direct statement concerning appellant's failure to testify. The statements by the prosecutor merely summarized the State's evidence and observed there was nothing to contradict that evidence. We find no violation of appellant's constitutional right to remain silent. *See Hill v. State* (1988), Ind., 517 N.E.2d 784.

■ Appellant contends he was prejudiced in the manner in which trial counsel was appointed. He argues the trial court limited the attorneys eligible to represent him to the Huntington County Bar. He also contends the attorney who did represent him had a conflict of interest because he was a publisher in a local newspaper which had run articles concerning his offense.

■ This issue was available on direct appeal but was not raised; therefore, the issue is waived. However, notwithstanding the waiver, we find appellant's argument to be without merit. As the State pointed out, an indigent does not have a right to counsel of his own choice. *See Jackson v. State* (1985), Ind., 483 N.E.2d 1374. Even if this were not so, appellant has failed to present any evidence on how he was prejudiced. Instead, he merely makes this contention without any support. Appellant has in no way satisfied his burden by a preponderance of evidence on this issue. We find no error.

■ Appellant contends he was denied effective assistance of trial counsel. In order to establish reversal due to ineffective assistance of counsel, appellant must show that counsel's performance was deficient and resulted in prejudice depriving

him of a reliable trial. *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385.

Appellant contends his counsel did not spend enough time preparing the case, was ineffective because he had a conflict of interest—was publisher of a local newspaper, made several errors at trial including failure to object to certain instructions, failed to ask for a mistrial when prospective jurors saw appellant in handcuffs, failed to object to the prosecutor's final argument, failed to call numerous witnesses who had testified against appellant before the grand jury, failed to poll the jury after their verdict, and failed to raise questions regarding the trial court's jurisdiction to hear the case. We find nothing in any of these allegations which would justify setting aside appellant's conviction. Some of these allegations are totally unfounded and others merely demonstrate a choice of tactics on the part of trial counsel. We see no reversible error here.

Appellant argues he is entitled to credit for jail time served prior to his sentencing. He is correct in this observation. This probably came about because appellant's original sentence was electrocution. When the sentence was reduced to life imprisonment, jail time credit was overlooked. When appellant was sentenced in 1971, this time was allowed under Ind.Code § 35-8-2.5-1 [repealed and recodified at Ind.Code § 35-50-6-4]. We remand this cause to the trial court to determine the amount of presentence credit time.

Appellant argues he has been held illegally in violation of equal protection and due process rights by application of an *ex post facto* law regarding parole eligibility. *See* Ind.Code § 11-13-3-2(b)(3). Appellant claims the statute is discriminatory in that it provides a twenty-year period of time before parole consideration for first degree murder or second degree murder prisoners but permits other life prisoners to be considered for parole in fifteen (15) years. It is within the prerogative of the legislature to provide different consideration for different degrees of criminal responsibility. We find no violation of fundamental rights in the statute.

Appellant argues that he is entitled to attorney fees claiming that his prior attorneys were ineffective and he should be compensated for the work he is doing which his attorneys should have done. We find no merit to appellant's contention nor does he cite any authority for his position. We find no error.

Appellant contends error occurred on the post-conviction court's ruling on his default motion. After appellant successfully appealed the post-conviction court's denial of a change of judge, appellant filed a default motion on the theory the State had not answered his plea.

The granting of a default judgment is within the trial court's discretion and is reviewable only for an abuse of discretion. *Kindred v. State* (1987), Ind. App., 514 N.E.2d 314. In the instant case, the State filed the original answer months after the filing of the *habeas corpus* petition. Appellant did not complain of the late filing until after he filed his motion to amend the post-conviction relief petition. We do not find appellant's position persuasive since this issue became moot with the filing of the amended petition and amended answer.

This case originated in Huntington County and was venued to Grant County. Appellant now argues that attorneys from Grant County should have been appointed and the proceeding should have been conducted in Grant County. He also claims the Huntington County prosecutor's office should not have been permitted to handle his post-conviction relief case because the conviction occurred in Grant County. We find no merit to any of these contentions. It was proper for the prosecutor from Huntington County to represent the State in the prosecution and the post-conviction relief hearing. We find no error.

Appellant claims it was improper for William Mills to have represented the State at times in the post-conviction proceedings because he had at one time represented appellant at trial in this cause. Although Mills was the prosecutor when ap-

pellant filed his post-conviction relief petition, by the time of the hearing, Mr. Branham was the Huntington County prosecutor. The record also shows that Mills was present with attorney Rollo when appellant was arrested. However, Mills' participation both as defense counsel and as prosecuting attorney in this case was minimal. We see no showing of any prejudice.

Appellant also argues that his appointed attorney, Mark McIntosh, should not have represented him during the post-conviction relief proceedings because he had been the Huntington County judge when appellant was first arrested. Appellant presents no evidence nor do we find any in the record indicating improper conduct by McIntosh.

Appellant also makes the same arguments against the State Public Defender's Office and attorney Dawalt. However, we find nothing in this record or in appellant's brief to support these allegations.

Appellant also claims he was denied work-study release benefits. However, he makes no explanation of this nor does he cite any authority. We find no merit to his position.

Appellant contends he was denied due process in his post-conviction relief proceedings in that the proceedings were unduly delayed. However, appellant does not show how any delay that occurred was prejudicial to him nor has he shown that the evidence presented demonstrated that he was entitled to post-conviction relief. *See Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385.

This cause is remanded for determination of jail-time credit. In all other things, the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.