958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Otis R. JONES, Petitioner-Appellant,
v.
Jack DUCKWORTH, and Indiana Attorney General, Respondents-Appellees.
 No. 91-2746.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 12, 1992.*
Decided March 23, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge**.
 
 ORDER
 I. Prior Proceedings
 
 2
 On December 14, 1990, Otis R. Jones filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction for murder. He seeks federal habeas relief on the grounds that the trial court erred when it: (1) admitted a videotaped statement by Bernadette Works, an eye-witness, which was merely cumulative of Works' in-court testimony and unduly prejudicial to the defense; (2) reversed its grant of a motion in limine, and allowed the state to introduce certain letters written by Jones to Works which contained inculpatory statements; and (3) found that the jury's verdict was supported by sufficient evidence where there was no physical evidence connecting Jones with the crime, and, according to Jones, Works' testimony was inherently unbelievable. These challenges are identical to those raised on direct appeal in the state court.
 
 
 3
 The Indiana Court of Appeals found that the trial court did not abuse its discretion in admitting the videotaped statement, Davis v. State, 456 N.E.2d 405 (Ind.1983); that Jones waived any possible error when he failed to object to admission of his inculpatory statements at the time they were introduced into evidence, Barnett v. State, 523 N.E.2d 430 (Ind.1988); and that Works' testimony was sufficient to support his conviction, Hill v. State, 517 N.E.2d 784 (Ind.1988). Jones v. State, No. 71A04-8905-CR-174 (Ind.App. Dec. 7, 1989). Its decision is the last word from the state courts in this case. Jones never sought transfer to the Indiana Supreme Court, and never instituted any other post-conviction proceeding in the state courts challenging his conviction or sentence on constitutional grounds.
 
 
 4
 The state initially sought dismissal of the petition on the ground of procedural default, contending that Jones' claims were barred because he never sought transfer to the Indiana Supreme Court, Nutall v. Greer, 764 F.2d 462, 465 (7th Cir.1985), and failed to show adequate cause for, and actual prejudice from, the default as required under Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Id. See also Buelow v. Dickey, 847 F.2d 420, 428-29 (7th Cir.1988), cert. denied, 489 U.S. 1032 (1989); United States ex rel. Bonner v. DeRobertis, 798 F.2d 1062, 1065 (7th Cir.1986). The district court, however, expressed a reluctance to address the issue, and ordered briefing on the merits.
 
 
 5
 The state thereafter filed a motion to dismiss the petition for failure to state a claim, contending that the admission of Works' videotaped statement and Jones' letters raised only questions of state procedural law which were not cognizable on federal review, Bell v. Duckworth, 861 F.2d 169, 170-71 (7th Cir.1988), cert. denied, 489 U.S. 1088 (1989), and that Jones was also barred by a procedural default from raising any challenge to the admission of the inculpatory letters. Harris v. Reed, 489 U.S. 255 (1989). While the state conceded that a challenge to the sufficiency of the evidence may be cognizable on federal review, Jackson v. Virginia, 443 U.S. 307 (1979), it argued that Works' testimony alone was sufficient to convict, United States v. Velasguez, 772 F.2d 1348, 1352 (7th Cir.1985), cert. denied, 475 U.S. 1021 (1986), and that Jones' contentions to the contrary would not support a claim for habeas relief.
 
 
 6
 Jones specifically identified a constitutional basis for his petition for the first time in his response to the motion to dismiss. Quoting the language of § 2254, Jones contends:
 
 
 7
 (1) that the merits of the factual dispute were not resolved in the State court hearing;
 
 
 8
 (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
 
 
 9
 (3) that the material facts were not adequately developed at the State court hearing;
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; [and]
 
 
 13
 (7) that the applicant was otherwise denied due process of law in the State court proceeding.
 
 
 14
 28 U.S.C. § 2254.
 
 
 15
 By order dated May 30, 1991, the district court granted the motion to dismiss, finding that there was no constitutional basis for granting the writ. This appeal followed.
 
 II. Discussion
 
 16
 As we noted in United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1140 (7th Cir.1990):
 
 
 17
 [i]t is customary, when faced with an unaddressed procedural default, for this court to remand a case to the district court for a determination of petitioner's ability to establish cause and prejudice for the default.
 
 
 18
 We decline to do so in the present case only because the petition is so completely devoid of merit that a remand would be superfluous.
 
 
 19
 The claims raised by Jones in his petition are all premised on an alleged violation of the due process clause. The first two challenge that the trial court's evidentiary rulings were erroneous. Even under the liberal construction rule, United States ex rel. Jones v. Franzen, 676 F.2d 261, 266 (7th Cir.1982), Wilson v. Phend, 417 F.2d 1197, 1199 (7th Cir.1969), such cursory allegations cannot survive a motion to dismiss. The law is clear:
 
 
 20
 procedural errors committed in the course of a state criminal trial are not a ground for federal habeas corpus. Only constitutional error is a ground. Smith v. Phillips, 455 U.S. 209, 221 (1982). This fundamental limitation may not be got round by the facile equation of state procedural error to due process denial.
 
 
 21
 Bell, 861 F.2d at 170. See also Jones v. Thieret, 846 F.2d 457, 459-61 (7th Cir.1988). Jones has presented us with nothing more.
 
 
 22
 The admissibility of evidence is a matter of state law. Dudley v. Duckworth, 854 F.2d 967, 970 (7th Cir.1988), cert. denied, 490 U.S. 1011 (1989). It does not rise to the level of a constitutional violation simply because the state court's decision to admit the challenged evidence may have been wrong. The due process clause "forbids only egregious departures from accepted standards of legal justice." Bell, 861 F.2d at 170 (citing Hill v. United States, 368 U.S. 424, 428 (1962)). Jones does not contend, nor can he show, that the errors alleged in the present case are of the character or magnitude cognizable under a writ of habeas corpus. Indeed, he has failed to even establish that there was error.
 
 
 23
 While Jones' challenge to the sufficiency of the evidence may have a "constitutional basis," Jackson v. Virginia, 443 U.S. 307 (1979), it has no merit. Section 2254(d) provides that the state court's determination on the merits of a factual issue "shall be presumed to be correct" unless the petitioner can show that he was denied due process in the state court proceeding. Jones has failed to present any facts which, if true, would show that he had been denied due process. His recitation of the language of § 2254(d) does not fill the void in his petition.
 
 
 24
 The Indiana Court of Appeals, the last court to consider the merits of Jones' claim, determined: that Works had positively identified Jones and stated that she saw him shoot the victim; that her testimony was corroborated by evidence which tended to show that someone entered the victim's apartment through a kitchen window; and that her testimony alone was sufficient to sustain the conviction under Hill v. State, 517 N.E.2d 784 (Ind.1988). Jones v. State, No. 71A04-8905-CR-174 (Ind.App. Dec. 7, 1989). Federal law does not suggest otherwise. See Velasguez, 772 F.2d at 1352.
 
 III. Conclusion
 
 25
 Accordingly, the judgment of the district court dismissing the petition for a writ of habeas corpus is
 
 
 26
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation