**Kirk Bradley BELL,
Petitioner–Appellant,**

v.

**Jack DUCKWORTH,
Respondent–Appellee.**

No. 87–2591.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 30, 1988.

Decided Nov. 8, 1988.
Rehearing and Rehearing En Banc
Denied Dec. 21, 1988.

Kirk Bradley Bell, Michigan City, Ind., pro se.

David A. Nowak, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before POSNER, MANION and KANNE, Circuit Judges.

POSNER, Circuit Judge.

■ Kirk Bell was convicted of murder in an Indiana state court. After exhausting his state remedies he brought this habeas corpus action. The district court dismissed and he appeals. The appeal has no merit; we write only to make as clear as we can that procedural errors committed in the course of a state criminal trial are not a ground for federal habeas corpus. *Smith v. Phillips*, 455 U.S. 209, 221 (1982). Only *constitutional* error is a ground. This fundamental limitation on the habeas corpus jurisdiction may not be got round by the facile equation of state procedural error to due process denial. See *Jones v. Thieret*, 846 F.2d 457, 459–61 (7th Cir. 1988).

■ That is Bell's tactic. He complains to begin with about the judge's refusal to order the prosecution witnesses to leave the courtroom during the voir dire of the jury. He claims that the witnesses may have been contaminated by hearing the questions asked of prospective jurors. (In fact the prosecutor had told his witnesses to remain outside the courtroom until called to testify; and there is no evidence that any of those witnesses were in the courtroom during the voir dire. But that is a detail.) A refusal to exclude ("separate") witnesses until they testify is not a denial of due process. Separation or sequestration of witnesses, on which see *Geders v. United States*, 425 U.S. 80, 87 (1976); Fed. R.Evid. 615, is a long-established and well-recognized measure designed to increase the likelihood that testimony will be candid. But the due process clause does not incorporate every refinement of legal procedure designed to make trials fairer or more accurate—not even one hallowed by time. See, e.g., *Watson v. Camp*, 848 F.2d 89 (7th Cir.1988). It forbids only egregious

departures (illustrated by *Walberg v. Israel*, 766 F.2d 1071 (7th Cir.1985)) from accepted standards of legal justice. *Hill v. United States*, 368 U.S. 424, 428 (1962).

■ Bell's next complaint is about the denial of a continuance to enable a defense to be prepared against a prosecution witness who first appeared the day the trial began, having been a fugitive till then. In some circumstances such a ruling could be a denial of due process: if the witness was crucial to the prosecution and the defense needed time to develop evidence to counter his testimony. This witness's testimony *was* important (he was an eyewitness), but defense counsel had and exercised the opportunity to cross-examine him fully; and to this day there is no suggestion of what defense against his testimony Bell's counsel might have developed if given a continuance. Cf. *United States ex rel. Searcy v. Greer*, 768 F.2d 906, 913 (7th Cir.1985).

■ Next Bell argues about limitations that the judge placed on the scope of one of the witnesses' testimony. Again the argument is misconceived. Errors in the management of a state criminal trial do not deny the defendant due process of law, see, e.g., *Willard v. Pearson*, 823 F.2d 1141, 1149 (7th Cir.1987), unless they are so harmful to the cause of truth that, singly or cumulatively, they make the defendant's conviction fundamentally unfair, see, e.g., *Dudley v. Duckworth*, 854 F.2d 967, 972 (7th Cir.1988).

■ Last, Bell complains about the judge's granting a four-day Thanksgiving recess to the jury, rather than resuming on the Friday following Thanksgiving Day for closing arguments (they were held on the following Monday, when the case resumed). The jury was given, and so far as appears obeyed, the usual admonition about not discussing the case with anyone during the recess. So Bell cannot show that he was denied a fair trial. See *United States ex rel. Jones v. DeRobertis*, 766 F.2d 270, 279 (7th Cir.1985). We find it hard to imagine circumstances in which a scheduling decision unrelated to the right to a speedy trial would deny a defendant due process of law.

It trivializes the Constitution and the function of federal habeas corpus to argue that the minutiae of trial scheduling furnish grounds for federal intervention in the state criminal process.

AFFIRMED.