917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth Robert LAX, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Warden, and ATTORNEY GENERAL OF THE STATE
OF INDIANA, Respondents-Appellees.
 No. 89-1384.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1990.*
Decided Nov. 9, 1990.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se petitioner Kenneth Lax appeals from the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. Lax raises a number of issues on appeal. We affirm.
 
 I.
 
 2
 On January 9, 1979, Susan Elliott, a nurse at Memorial Hospital in South Bend, Indiana, noticed two men in the hospital parking lot as she walked to her car after work. While she attempted to close her car door, one of the men opened it, pushed her back inside and began beating her. The man put a handgun to her face and demanded her purse. Elliott relented and the man ran off with the purse.
 
 
 3
 The next day Elliott went to the police station and helped a sketch artist draw a composite of the attacker, which she described as being 80% accurate. On two occasions she did not identify the assailant in photo arrays that did not include Lax's photo. One week after the incident while working at her nurse's station, Elliott recognized her attacker, Lax, walking down a hospital hallway. He was at the hospital to bring home his girlfriend who had recently given birth to his child. The only difference between Lax and the composite was that Lax wore a mustache. Back at the police station Elliott identified a 1974 mug-shot of Lax, with mustache, from a third array of photos.
 
 
 4
 Prior to trial Lax requested that the state turn over copies of all mug shots in its possession. The state gave Lax his post-arrest mug-shot dated February 15, 1979, but not the 1974 mug-shot. At trial Elliott identified Lax and testified that she had never seen the 1979 mug-shot. After Lax's counsel realized he had not received a copy of the 1974 mug-shot, he failed to seek a continuance so that the state could produce the photo.
 
 
 5
 A jury found Lax guilty of robbery and the Superior Court sentenced him to a prison term of thirty years, which was later reduced by post-trial stipulation to twenty-six years. On direct appeal the Supreme Court of Indiana affirmed. Lax v. State, 414 N.E.2d 555 (1981). The Superior Court denied Lax's petition for post-conviction relief and the Court of Appeals of Indiana affirmed that decision. Lax v. State, No. 71A04-8604-PC-99 (Mar. 17, 1987). Lax then filed his habeas petition in federal court.
 
 II.
 A. Procedural default
 
 6
 The first issue Lax raises is whether the prosecutor deliberately withheld the 1974 photograph of Lax which the police used in the photo array. Although the district court reached the merits of this question, the record shows that Lax's appellate counsel failed to raise this issue on direct appeal. In the absence of a showing of cause for and prejudice from this omission, the issue is waived and we will not consider it. Williams v. Chrans, 894 F.2d 928, 933 (7th Cir.1990). Lax has never claimed that his appellate counsel was ineffective and therefore he has failed to show cause.
 
 
 7
 Lax's appellate counsel also failed to raise the claim that the sentencing judge relied on misinformation in sentencing. The district court also reached the merits of this issue. This claim too has been waived and Lax has failed to excuse his waiver by a showing of cause and prejudice. See id.
 
 B. New Evidence
 
 8
 Next Lax argues that the discovery of the 1974 picture that Elliott identified in the photo array should entitle him to a new trial. The decision of the state court to grant or deny a new trial is a matter of state law and entitles Lax to habeas relief only if the error was a fundamental defect that resulted in a complete miscarriage of justice. See Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir.1988). Lax learned about the existence of the 1974 mug-shot at trial during Elliott's testimony. Lax's counsel chose not to request a continuance of the trial in order to obtain the photo. This evidence was not new, and no constitutional error resulted from the Superior Court's denial of Lax's request for a new trial.
 
 C. Ineffective Assistance of Counsel
 
 9
 Next Lax asserts a variety of grounds in support of his charge that he suffered ineffective assistance of counsel at trial. In order to prevail on this claim he must show not only that counsel's performance was deficient but that this performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Williams, 894 F.2d at 935. We will address each of Lax's challenges in turn.
 
 
 10
 First Lax claims that trial counsel should have requested a continuance once he discovered that the state failed to produce the 1974 mug-shot. The only difference between the 1974 mug-shot and the 1979 mug-shot produced at trial was that Lax's mustache in the '79 photo was bushier. Elliott pointed this out at trial and trial counsel argued this fact to the jury. Because the 1974 mug-shot would have made no difference in the case, trial counsel did not err in failing to request a continuance.
 
 
 11
 Next Lax claims that trial counsel should have called Alma Traylor as a witness. Traylor had told the trial judge that during a recess in the case she heard Elliott say that she could not make a positive identification of Lax to the prosecutor. When asked by the trial judge what connection she had to the trial, Traylor said that she attended church with Lax. In fact she later went to the judge's chambers and admitted that she was Lax's sister. Trial counsel would have been foolish to call a person to testify who had already lied in open court, particularly when Lax's defense relied heavily on the testimony and credibility of other family members. Counsel did not err in failing to call Traylor.
 
 
 12
 Lax complains that his trial counsel failed to conduct his own discovery. Lax's first attorney, William Stanley, conducted discovery before trial and then withdrew from the case. The court then appointed Patrick Brennan, who relied on Stanley's discovery at trial. Counsel was not ineffective for failing to file repetitive discovery motions in the hopes of turning up the 1974 mug-shot.
 
 
 13
 Lax argues that trial counsel should have investigated Lax's prior convictions before advising him not to testify. After trial, one of Lax's prior convictions was turned over on post-conviction relief due to a violation of the Indiana Speedy Trial Act. Even if counsel's investigation would have discovered this meritorious claim for post-conviction relief, the conviction was still on Lax's record at the time of trial and within the scope of cross-examination. Counsel was not ineffective by failing to investigate this conviction.
 
 
 14
 Counsel was not ineffective by failing to suppress Elliott's in-court identification of Lax. Lax presented no evidence either at trial or in his post-conviction hearing that Elliott's identification was tainted in any way, particularly where she spotted the defendant on her own in a hospital hallway. This claim fails.
 
 
 15
 Finally, Lax argues that trial counsel should have accompanied Traylor when she went to the trial judge's chambers and admitted that she was Lax's sister. Trial counsel used his common sense by distancing himself from Traylor's perjury and cannot be faulted for failing to accompany her. Because Lax has failed to show cause or prejudice, his ineffective assistance claims must fail.
 
 III. CONCLUSION
 
 16
 For all these reasons, the decision of the district court denying Lax's petition for a writ of habeas corpus is
 
 
 17
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record