940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael Abrom HOLSEY, Plaintiff-Appellant,
v.
James AIKENS, et al., Defendants-Appellees.
 Nos. 90-3066, 90-3298.
 United States Court of Appeals, Seventh Circuit.+
 Submitted Aug. 6, 1991.*
Decided Aug. 13, 1991.
Rehearing and Rehearing En Banc Denied Sept. 9, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Michael Holsey was convicted of first-degree murder in 1968, and he began serving a term of life imprisonment. In 1981 the Governor of Indiana commuted Holsey's sentence to "time served to life", which made him eligible for parole. Holsey was paroled in 1982. His parole was revoked in 1986 following his conviction for public intoxication.
 
 
 2
 Holsey sought relief in state court, arguing that his parole supervision ended a year after his release in 1982. Both the trial court and the court of appeals rejected that argument; the Supreme Court of Indiana declined to review the case. Holsey tried again in federal court under 28 U.S.C. Sec. 2254 and lost again. He also filed suit under 42 U.S.C. Sec. 1983 against persons involved in the revocation of his parole; he lost that case too. We have consolidated his appeals from these two decisions.
 
 
 3
 Whether Indiana law, and the parole release agreement Holsey signed in 1982, extended his supervision for one year (as Holsey submits) or life (as Indiana maintains) is a question of state law, which the state courts resolved against him. Section 2254 does not authorize a federal court to review questions of state law. Lewis v. Jeffers, 110 S.Ct. 3092, 3102 (1990); Smith v. Phillips, 455 U.S. 209, 221 (1982); Pulley v. Harris, 465 U.S. 37, 41 (1984); Bates v. McCaughtry, 934 F.2d 99 (7th Cir.1991); Bell v. Duckworth, 861 F.2d 169 (7th Cir.1988). Holsey's effort to characterize the difference of opinion about the meaning of the release agreement as one under the Contract Clause fails. The "contract", if that is what the agreement should be called (which we doubt), was not abrogated; it was interpreted. A losing litigant in a contract dispute is not entitled to independent federal review on questions of interpretation.
 
 
 4
 Holsey falls back on a claim that by applying to him the version of state law in force when he committed the murder--a rule under which the parole of someone sentenced to life imprisonment lasts for life, Ind.Code Sec. 11-13-3-5(a)(3)--Indiana violated the Ex Post Facto Clause. That Clause forbids an adverse change in substantive rules. Yet Holsey's complaint is that the law did not change, that he did not obtain the benefit of a more recent statute. The Ex Post Facto Clause freezes the rules and does not require the state to change them, any more than it would have required the reduction of his term of imprisonment if the state should later have reduced the penalty for murder. Indiana was free to apply a more lenient rule to Holsey, but it did not have to, and it did not choose to.
 
 
 5
 So Holsey is not entitled to relief under Sec. 2254. As we have concluded that Indiana did not violate Holsey's constitutional rights, he necessarily is not entitled to relief under Sec. 1983.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed such a statement in No. 90-3066. After consideration of that statement, the briefs, and the record, we conclude that oral argument would not assist the court