4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert Lee JACKSON, Petitioner-Appellant,
v.
Richard CLARK, et al. Respondents-Appellees.
 No. 91-3015.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.
Decided Aug. 31, 1993.[1]
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Robert Lee Jackson appeals from the denial of his habeas corpus petition under 28 U.S.C. Sec. 2254. He contends that the sentence was excessive and erroneously found him to be an habitual offender; that a motion to suppress should have been allowed; that various jury instructions should have been given; and that testimony regarding his mental condition should have been admitted.
 
 
 2
 At trial, Carol Furnish, the victim, testified that at 10 a.m. she was working alone in her office as assistant resident manager at an apartment complex. Two men came into the clubhouse, asked for change, and Furnish told them there was no money on the premises. Within minutes, one of the men re-entered the office, holding a knife, and demanded her purse. She handed defendant the purse, and he took her by the wrist and walked her to a bathroom, where she began screaming. Defendant ran. A man outside the apartment building, Sam Speechly, saw defendant run out, copied down his license plate number and a description of the car. When the police arrived, Furnish described defendant as a black male, 35 to 40 years old, wearing a black winter type leather or vinyl jacket, brown pants, and a black knit cap. Within minutes, the police apprehended defendant and the man he initially entered the office with. Furnish and Speechly were taken to a street corner nearby where they identified both defendant and his companion from 10 to 15 feet away.
 
 Discussion
 A. Show-Up Identification
 
 3
 Jackson argues that the state court erred in not suppressing the identification testimony of two eyewitnesses because the identification procedures were suggestive. There is nothing in this record that suggests that the identification was done in such a way as to create a "very substantial likelihood of irreparable misidentification." Neil v. Biggers, 409 U.S. 188 (1972); Montgomery v. Greer, 956 F.2d 677, 681 (7th Cir.), cert. denied, 113 S.Ct. 460 (1992).
 
 
 4
 The mere fact that a show-up procedure was used does not provide a basis for the grant of habeas corpus relief. Montgomery v. Greer. Moreover, even if we were to assume that the show-up was somehow suggestive, we find that the identification was reliable. See Walton v. Lane, 852 F.2d 268, 271 (7th Cir.1988).
 
 
 5
 Furnish had sufficient opportunity to observe Jackson, who had entered her office twice. The lighting was good, and he stood close to Furnish as he demanded her purse and then held her wrist, walking her to the bathroom. Furnish had a heightened degree of attention toward Jackson, as they were alone in the office and he held a knife on her. Furnish's physical description of Jackson to the police was accurate. While defendant had different clothes, the clothing Furnish described was later found with her purse, thrown on the ground near the apartment complex. Furnish's level of certainty was unwaveringly high. Finally, there was only a few minutes between the time of the robbery and the time of the identification. These factors combine to demonstrate the strong reliability of the identification testimony offered at trial.
 
 
 6
 Furthermore, other evidence corroborated the identification testimony. Jackson robbed the victim in broad daylight. A witness standing outside saw the victim escape, then saw Jackson run out with the victim's purse, and then noted the license plate number of the car in which Jackson fled. Within five minutes, the police apprehended Jackson in that car, and the victim and witness both positively identified Jackson.
 
 B. Excessive Sentence
 
 7
 Jackson contends that the sentencing court violated the Eighth Amendment and the Double Jeopardy Clause when it "re-sentenced" him. In June 1985, a jury convicted Jackson of robbery and confinement. It was unable to reach a verdict on the issue of whether Jackson was an habitual offender. The state trial court set the sentencing hearing for July 12, 1985; but did not set the habitual offender retrial until after that date. On July 12, 1985, the court sentenced Jackson to a 20-year term for robbery and a 20-year term for confinement, to run consecutively. In September 1985, a jury found Jackson was an habitual offender. On October 10, 1985, the court resentenced Jackson to a 20-year term for robbery, enhanced by 30 years due to the habitual offender determination, and a 20-year term for confinement, sentences to run consecutively. Jackson v. State, 521 N.E.2d 339 (Ind.1988). Jackson made no objection to the fact that the retrial on the habitual offender issue took place after he had been sentenced.
 
 
 8
 A sentence may be increased on retrial (North Carolina v. Pearce, 395 U.S. 711 (1969)), or modified after the sentence has commenced. United States v. Jefferson, 714 F.2d 689 (7th Cir.1983). The imposition of a criminal sentence brings with it no finality. United States v. DiFrancesco, 449 U.S. 117 (1980). The Double Jeopardy Clause protects only the "legitimate expectations" of a defendant. DiFrancesco, 449 U.S. at 139. Here, Jackson had no legitimate expectation of finality at the original sentencing hearing where he had not yet been acquitted of the habitual offender charge. He was aware that the habitual offender statute (Ind.Code 35-50-2-8) mandates an additional fixed term of 30 years' imprisonment. No violation of the Double Jeopardy Clause occurred.
 
 C. Absence of Constitutional Error
 
 9
 Jackson next raises three alleged errors which are not of constitutional dimension. Only federal constitutional error can form the basis of federal habeas corpus relief. Smith v. Phillips, 455 U.S. 209, 221 (1982); Bell v. Duckworth, 861 F.2d 169 (7th Cir.1989); United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 (7th Cir.1984). The commission of a procedural error during a state criminal trial will not support a petition for habeas corpus. Bell, 861 F.2d at 170.
 
 
 10
 Jackson argues that the state court erred in failing to give a tendered instruction on theft, a lesser included offense of robbery. This is not a constitutional question. See Verdin v. O'Leary, 972 F.2d 1467 (7th Cir.1992); United States ex rel. Peery v. Sielaff, 615 F.2d 402, 404 (1979), cert denied, 446 U.S. 940 (1980).
 
 
 11
 Jackson also argues that the state court erred, e.g., in failing to give a tendered instruction explaining that his testimony should not be treated with suspicion merely because he was accused of a crime, and an instruction addressing the credibility of witnesses who testified in exchange for immunity from prosecution. These types of questions also are not constitutional questions. Swimley v. Nesbitt, 608 F.2d 1130, 1133 (7th Cir.1979) (giving cautionary instructions on immunized witnesses or accomplices merely reminds the jury of common sense logic, and ordinarily will not give rise to constitutional violations).
 
 
 12
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record