Timothy HAYES, Petitioner,

v.

Daniel R. McBRIDE, Respondent.

No. 3:96–CV–0508–AS.

United States District Court,
N.D. Indiana,
South Bend Division.

May 13, 1997.

Timothy Hayes, Westville Correctional Center, Westville, IN, pro se.

Robert D. Bugher, Indiana Dept. of Correction, for Respondent.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On August 15, 1996, *pro se* petitioner Timothy Hayes ("Hayes"), an inmate at the Westville Correctional Facility ("WCF"), filed a petition seeking relief under 28 U.S.C. § 2254. In his petition, Hayes challenges a sanction imposed by the prison Conduct Adjustment Board ("CAB") during a disciplinary hearing held on December 7, 1995. Thereafter, on October 15, 1996, the Attorney General of Indiana filed a response to the court's order to show cause, demonstrating the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). On December 17, 1996, after the petitioner failed to submit his traverse, this court entered an order denying the petition for habeas corpus. However, the petitioner subsequently moved the court for additional time to submit a traverse. The court granted the petitioner's motion, vacating its order dated December 17, 1996. As a result, the grounds for review raised by Hayes in this petition are again ripe for determination.

### I. FACTS AND PROCEDURAL HISTORY

On November 18, 1995, Correctional Officer D. Weisner entered a report of conduct against Hayes, charging him with making or possessing intoxicants in violation of section 231 of the Adult Disciplinary Policy Procedures ("ADPP"). In the report, Officer Weisner made the following statement:

On above date and approx [sic] time I officer Weisner was shaking down offender Hayes, and found 1 bottle of yellow organge [sic] substance. Offender Hayes stated to me officer Weisner that the bot-

tle was full of polyurethane that he got from EC school.

See Respondent's Return to Order to Show Cause, Ex. A2.

Hayes was provided a copy of the report of conduct on November 21, 1995, along with notice of the disciplinary hearing on the alleged misconduct to be held before the CAB on November 28, 1995. The hearing was eventually held on December 7, 1995. After reviewing the evidence, the CAB found the petitioner guilty of violating section 231 of the ADPP, and provided the petitioner with the following written explanation of its findings:

> After reviewing the CR, witnesses statements, offenders and LA comments, the CAB finds guilty based on the CR + confiscated evidence in which Ofc. Weisner confiscated a bottle of yellow orange substance + Hays [sic] admitted to Weisner that the bottle was polyurethane he had got from EC school.

*See* Respondent's Response to Order to Show Cause, Ex. A7. As a result, the CAB sanctioned Hayes by revoking ninety (90) days of his earned credit time and by demoting his credit time-earning class from class I to class II.

Subsequently, on December 10, 1995, Hayes appealed the CAB's decision to the prison superintendent, respondent Daniel McBride. In his appeal to the superintendent, the petitioner challenged the CAB's decision on the following grounds: (1) that no physical evidence was presented during the hearing; (2) that no evidence was presented to prove that the substance possessed was, in fact, an intoxicant; and (3) that prison officials failed to produce the bottle alleged to have contained a yellow-orange substance when the petitioner requested it during the hearing. On January 3, 1996, the superintendent denied Hayes appeal. Thereafter, the petitioner appealed the CAB's decision to the Indiana Department of Corrections Adult Disciplinary Review Manager, L.A. VanNatta. On January 17, 1996, Ms. VanNatta denied that appeal.

Hayes then turned his attentions to federal court by filing the present petition for writ of habeas corpus on August 15, 1996. In his petition, Hayes challenges the CAB's decision on essentially one ground; namely, the sufficiency of the evidence presented to the CAB. Hayes contends that there was no evidence presented to the CAB to establish that the substance he possessed was actually an intoxicant.

The respondent filed his return to order to show cause on October 15, 1996. In the return, the respondent argues that the CAB's decision was supported by sufficient evidence. In addition, the respondent asserts that the petitioner's argument merely requests this court to reweigh the evidence presented to the CAB-a ground which the respondent asserts must fail under the Seventh Circuit's decision in *Viens v. Daniels,* 871 F.2d 1328 (7th Cir.1989). On January 24, 1997, the petitioner filed his traverse to the respondent's response and a supporting sworn affidavit, in which he replied to the respondent's arguments and restated his prior contentions.

## II. STANDARDS OF REVIEW

There are some basics involved in this court's collateral review of CAB proceeding's under § 2254. First, this court must examine the record for alleged constitutional errors. *See Bell v. Duckworth,* 861 F.2d 169 (7th Cir.1988), *cert. denied,* 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989). Secondly, this court does not sit as a trier *de novo* in these prison disciplinary proceedings and does not sit as a court of common law review. *Cain v. Lane,* 857 F.2d 1139, 1145 (7th Cir.1988); *Hanrahan v. Lane,* 747 F.2d 1137, 1140 (7th Cir.1984). Third, this court does not sit merely to determine questions of state law. *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Kraushaar v. Flanigan,* 45 F.3d 1040 (7th Cir.1995).

## III. DUE PROCESS CLAIM

■ The petitioner alleges that his due process rights were violated in his CAB hearing because the Board's decision was based upon insufficient evidence. Any discussion on alleged violations of due process and the creation of protected liberty interests in the

prison disciplinary context must first begin with an analysis of the recent decision by the Supreme Court of the United States in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). This court has already published several opinions dealing with some of the dimensions of the Supreme Court's important decision in *Sandin*. *See Bonner v. Parke*, 918 F.Supp. 1264, (N.D.Ind.1996); *Stone–Bey v. Barnes*, 913 F.Supp. 1226 (N.D.Ind.1996); *McKinney v. Hanks*, 911 F.Supp. 359 (N.D.Ind.1995); *Thomas v. Newkirk*, 905 F.Supp. 580 (N.D.Ind.1995); *Stone–Bey v. Swihart*, 898 F.Supp. 1287 (N.D.Ind.1995).

In *Sandin*, the Supreme Court held:

> The time has come to return to the due process principles we believe were correctly established and applied in *Wolff and Meachum [v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)]. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. *But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.*

515 U.S. at ——, 115 S.Ct. at 2300 (citations omitted, emphasis added).

■ The Court in *Sandin* also held that a liberty interest is present where action of the state will "inevitably affect" the duration of the inmate's sentence. *Id.*, at —— –——, 115 S.Ct. at 2301–02. In this case, there is little question that the demotion in Hayes' credit time-earning class and the deprivation of his previously earned credit time constitute liberty interests that cannot be deprived without due process because, under *Sandin*, such sanctions inevitably affect the duration of his sentence. Thus, because Hayes has a liberty interest under the Due Process Clause, the court need only inquire whether the prison officials in this case have sufficiently afforded him the process required by

the Constitution in the prison disciplinary context.

The requirements imposed by the Due Process Clause are flexible and variable dependent upon the particular situation being examined. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 12, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668 (1979). In its discussion of the process due an inmate in the prison context, the Supreme Court of the United States held that "one cannot automatically apply procedural rules designed for free citizens in an open society ... to the very different situations presented by a disciplinary proceeding in state prison." *Wolff v. McDonnell*, 418 U.S. 539, 560, 94 S.Ct. 2963, 2977, 41 L.Ed.2d 935 (1974). "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). The United States Court of Appeals for the Seventh Circuit has held that the Due Process Clause entitles an inmate to receive:

> (1) advance (at least 24 hours before hearing) notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Rasheed–Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir.1992) (citing *Superintendent, Mass. Corr. Institution, Walpole v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) and *Wolff*, 418 U.S. 539, 563–67, 94 S.Ct. 2963, 2978–80, 41 L.Ed.2d 935 (1974)).

In his petition, Hayes raises a solitary claim-that the evidence upon which the CAB based its finding of guilt was insufficient. Although the four factors set forth in *Rasheed–Bey* do not specify the quantum of evidence necessary to support a factfinder's decision, this question was resolved by the Supreme Court of the United States in *Superintendent, Mass. Corr. Institution, Wal-*

pole v. Hill, supra. In *Superintendent*, the Court held that "the requirements of due process are satisfied if *some evidence* supports the decision by the disciplinary board." 472 U.S. at 455, 105 S.Ct. at 2774 (emphasis added). Thus, a district court's review of the CAB proceeding is very narrow. Accordingly, this court need only inquire "whether there is evidence in the record that could support the conclusion reached by the [CAB]." *Id.* at 455–56, 105 S.Ct. at 2773–75. However, while due process only requires that "some evidence" exists, the evidence that is relied upon by a disciplinary board must present "sufficient indicia of reliability." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir.1996).

Based on the court's review of the record in this case, the only culpatory evidence relied upon by the CAB in reaching its decision included: (1) Officer Weisner's report of conduct which indicated that he confiscated a bottle of yellow-orange substance from the petitioner during a "shake down" of his cell; and (2) the petitioner's alleged admission to Officer Weisner that the substance was polyurethane, an intoxicant under section 231 of the ADPP. In his traverse and supporting affidavit, Hayes contends that he never made any admission to Officer Weisner regarding the substance at issue. In addition, he argues that his due process rights were violated in the CAB hearing because prison officials failed to produce the bottle of orange-yellow substance or present any other evidence to establish that the substance contained in the bottle was an intoxicant. Thus, it appears that the petitioner's arguments in support of his due process claim can be summarized as follows: (1) that the actual, alleged intoxicating substance at issue was never presented to the CAB; and (2) that the State failed to present any evidence which would establish that the substance found in his cell was, in fact, an intoxicant.

■ With respect to the petitioner's first argument-that the substance was not physically presented to the CAB-the United States Court of Appeals for the Third Circuit has held that, in the context of a prison disciplinary hearing where an inmate has been charged with possessing an intoxicating substance, due process does not require the prison to offer the actual physical substance into evidence at the disciplinary hearing. *See Griffin v. Spratt*, 969 F.2d 16, 22 (3rd Cir.1992).* Thus, the mere fact that the bottle of orange-yellow substance taken from Hayes' cell was not produced or entered into evidence during the hearing is not enough, by itself, to warrant a finding that the evidence upon which the CAB based its decision was insufficient and that Hayes' due process rights were violated.

However, the petitioner's second argument—that the substance was never actually identified or established to be an intoxicant— is more troublesome. The respondent appears to rest its argument in support of the CAB's decision on Officer Weisner's testimony that Hayes' admitted to him that the yellow-orange substance was polyurethane which Hayes had obtained from the prison's EC school. However, in his affidavit filed with his traverse, the petitioner asserts under the penalties of perjury that he never made such an admission to Officer Weisner. Thus, according to the record, it appears that the CAB was not presented with any *uncontroverted* evidence which identifies the substance as polyurethane or any other intoxicant.

According to the report of conduct, Hayes was charged with "making or possessing intoxicants." *See* Respondent's Return to Order to Show Cause, Ex. Al. Although the record is devoid of the actual text of the ADPP section under which Hayes was charged, it appears logical to assume that the CAB, before finding the petitioner guilty, would be required to determine that the substance found in Hayes' cell was, in fact, an *intoxicant*. However, after reviewing the record, it is this court's view that the CAB was not presented with any *uncontroverted* evidence that the substance was actually an

---

* While this court is not required to follow the appellate decisions of other circuits blindly, the Third Circuit's decision in *Griffin* must be given due respect because the Seventh Circuit has yet to rule specifically on this issue. *See Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987).

intoxicant. According to the record, the CAB was not presented with any evidence of lab tests which determined the substance to be, in fact, polyurethane. Moreover, the CAB's decision does not even imply that Officer Weisner rendered his own opinion that the substance found in Hayes' cell was polyurethane or any other intoxicant. *See Griffin*, 969 F.2d at 22 (finding that inmate's prison disciplinary conviction for possessing intoxicating beverage was supported by some evidence when only evidence was conduct report and correctional officer's opinion that beverage had fermented). Rather, it appears that the CAB based its decision of guilt *solely* upon Officer Weisner's testimony that Hayes' admitted to him that the substance was polyurethane-an admission that is denied by the petitioner in his sworn affidavit attached to his traverse.

The court acknowledges the respondent's argument that this court is not to reweigh the evidence presented to the CAB *de novo*. *See Viens v. Daniels, supra*. However, it is this court's opinion that the CAB lacked sufficient evidence to conclude that the substance at issue was actually an intoxicant. Therefore, since the CAB's decision that Hayes possessed an intoxicating substance was based solely upon Hayes' alleged admission that the substance at issue was, in fact, polyurethane or some other intoxicant, the court finds that the CAB's decision lacked the requisite evidence needed to establish that the substance at issue was actually an intoxicating substance under the ADPP. As a result, this court, erring on the side of extreme caution, finds that the evidence relied upon by the CAB lacks the "sufficient indicia of reliability" required under *Meeks* and, thus, that the petitioner's due process rights were violated under *Superintendent*.

### IV. CONCLUSION

The court, for the foregoing reasons, holds that Mr. Hayes' due process rights were violated during the December 7, 1995, CAB hearing. As a result, the court now **CONDITIONALLY GRANTS** Hayes' federal habeas corpus petition. Further, the court **GRANTS** the respondent leave to conduct a fresh prison disciplinary proceeding on the

charged conduct within 120 days of this decision. The respondent must provide the court with notice that such a hearing was held in accordance with this decision. If the respondent fails to hold a renewed disciplinary hearing within 120 days of this decision, the petition will be fully granted and any sanctions imposed as a result of the December 7, 1995, CAB hearing will be ordered expunged. **IT IS SO ORDERED.**