Roy A. KAUFFMAN and Grant
R. Owen, Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 461, a labor organization; Jerry O. Branson, individually, and as officer, agent, and business manager of Local Union No. 461; and Carl F. Schindlbeck, individually, and as officer, agent, and president of Local Union No. 461, Defendants.

No. 99 C 4846.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 12, 2000.

John Milroy, Geneva, IL, for Plaintiffs.

Roger Gold, Gold & Polansky, Chtd., Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiffs Roy Kauffman and Grant Owen are members of the defendant union, International Brotherhood of Electrical Workers, Local Union No. 461 ("Local 461"). Kauffman and Owen were fined $5,500 each, all but $2,200 suspended, for violating the union constitution, by-laws and working agreement by performing

electrical work for a non-union employer without a referral from Local 461. Kauffman and Owen sued Local 461, its business manager, Jerry Branson, and its president, Carl Schindlbeck, alleging violations of the Labor–Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 *et seq.* The defendants now move for summary judgment, which I grant in part and deny in part.

### I.

The following facts are not disputed: Kauffman and Owen, members of Local 461, were brought before the trial board of Local 461 on twelve charges of violating the union constitution and Local 461's by-laws and working agreement. The charges were based on testimony of Branson, Local 461's business manager, that Kauffman and Owen were doing a "side job"—a job for a non-union employer that they obtained outside of the union referral process—at the home of Jerry Gargo. Kauffman and Owen were given notice of the charges against them, and a trial board of Local 461 convened for hearings on the charges against each of them on January 19, 1999.

At the hearing, Kauffman and Owen were given an opportunity to ask questions of the union members who accused them, and Branson also asked questions. Branson asked Kauffman about a company called KR Electric, which was an account name that Kaufman used to buy supplies for non-union jobs. The trial board deliberated and convicted Kauffman and Owen of eleven of the twelve charges against them. The trial board imposed $5,500 in fines against each of them, suspending all but $2,200.

Kauffman and Owen sued, claiming that the defendants violated their rights under the LMRDA. They argue that the hearing did not meet the "full and fair hearing" requirement of 29 U.S.C. § 411(a)(5)(C), and that the charges were brought to retaliate against them, in violation of 29 U.S.C. § 411(a)(2), for supporting changes to the Local 461 job referral system. The defendants now move for summary judgment. Kauffman and Owen argue that there are disputed issues of material fact.

### II.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party may not rest on its pleadings or on general denials of the moving party's factual allegations, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994).

### III.

### A.

■ Owen and Kauffman argue that their hearing before the Local 461 trial board did not satisfy the "full and fair hearing" requirement of the LMRDA, 29 U.S.C. § 411(a)(5)(C) because there was no evidence to support their conviction and because the proceedings themselves did not comport with due process requirements. My review of union disciplinary proceedings is limited. *Gustafson v. American Train Dispatchers' Assoc.*, 788 F.2d 1284, 1287 (7th Cir.1986). Although discipline hearings "need not contain 'the full panoply of procedural safeguards found in criminal proceedings, the fundamental and traditional concepts of due process do apply.'" *English v. Cowell*, 969 F.2d 465, 469 (7th Cir.1992) (citations omitted). Section 411(a)(5)(C) requires the charging party to present "some evidence"

at the hearing to support the charges made. *Id.* (citing *International Bhd. of Boilermakers v. Hardeman,* 401 U.S. 233, 245–46, 91 S.Ct. 609, 28 L.Ed.2d 10 (1971)). To determine whether this minimal standard is satisfied, I need not examine the record, independently assess the credibility of the witnesses or weigh the evidence; I need only ask whether there is *any* relevant evidence in the record that could support the conclusion reached by the disciplinary board. *See Superintendent, M.C.I. v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (applying the "some evidence" standard in the context of prison disciplinary hearings).

■ Kauffman and Owen argue that there was "no evidence" to support their conviction and that the hearings were "devoid of any proof of compensation or payment" for their work at Gargo's house. Branson testified that Owen told him at the construction site that Gargo was a friend, that Gargo owned a condominium in Florida, that Owen took "condo" time from Gargo and that Kauffman was "looking for condo time down in Florida." (Defendant's 56.1(a)(3) Statement ¶ 52). Kauffman and Owen dispute the truth of the statement, i.e., that Owen ever told Branson that, but they admit that Branson testified that way. (Plaintiffs' 56.1(b)(3)(A) Response ¶ 52). Branson's testimony is evidence, and the trial board made an independent assessment of its credibility and weight and concluded that Branson was telling the truth. Kauffman and Owen may dispute the conclusion of the trial board, but Branson's testimony is relevant evidence in the record that could support the conclusion reached by the trial board. Defendants' motion for summary judgment is granted with respect to this claim.

### B.

■ Kauffman and Owen claim that the procedures at their hearing fell short of the procedural due process requirements of 29 U.S.C. § 411(a)(5). They argue specifically that Branson was in the room with the trial board during their deliberations, that the trial board considered evidence during deliberations that was not presented to Kauffman and Owen during the hearings, that witnesses did not leave the hearing room between testimony, and that the rule against "side jobs" was unwritten. Under the LMRDA, disciplinary hearings must comport with traditional notions of due process, but they need not contain the same quantum of procedural safeguards as criminal proceedings. *English,* 969 F.2d at 469. The policy of the LMRDA is to allow unions to govern themselves with limited judicial review, and that means that courts may not "determine the scope of offenses for which a union may discipline its members" and that "a union may discipline its members for offenses not proscribed by written rules." *Hardeman,* 401 U.S. at 244, 91 S.Ct. 609. The Seventh Circuit has also held that "[a] refusal to exclude ... witnesses until they testify is not a denial of due process," even in a criminal trial. *Bell v. Duckworth,* 861 F.2d 169, 170 (7th Cir. 1988). Even if Kauffman and Owen are right that witnesses were not excluded and the rule against "side jobs" was unwritten, as a matter of law they cannot prevail on those facts.

■■ If Branson was present in the room during trial board deliberations, or if there was evidence before the trial board that was not presented to Kauffman or Owen, however, they may be entitled to relief. The Seventh Circuit has held that "[a]n essential element of a full and fair hearing is an impartial tribunal which arrives at its decision on the basis of evidence which the accused has an opportunity to confront and rebut." *Tincher v. Piasecki,* 520 F.2d 851, 854 (7th Cir.1975). Kauffman and Owen claim that the trial board considered an invoice from Crescent Electric to KR Electric, an account that Kauffman (and Owen) used to buy supplies for personal projects. Although Branson asked both Kauffman and Owen about the KR Electric account, there were

no questions about the Crescent Electric invoice. A judgment based on an invoice that was not placed in evidence and that Kauffman and Owen therefore did not have an opportunity to explain or rebut would violate procedural due process. It would also violate fundamental notions of due process if Branson, the Business Manager of Local 461, was present during the trial board deliberations and took part in them. *See Curtis v. International Alliance of Theatrical Stage Employees,* 687 F.2d 1024, 1030 (7th Cir.1982) ("[I]t is 'inherently improper' for a member of the union's executive committee potentially biased against the accused to participate as a decision-maker in a disciplinary hearing."). Kauffman and Owen argue that Branson never had the Crescent Electric Invoice in his hand during the hearing (Plaintiffs' 56.1(b)(3)(A) Response ¶¶ 63; Kauffman Aff. ¶ 16). They also argue that Branson did not leave the hearing room after the proceeding, suggesting that he may have been present during deliberations. (Plaintiffs' 56.1(b)(3)(A) Response ¶¶ 88–89; Kauffman Aff. ¶ 15). Kauffman and Owen have properly disputed these facts, so summary judgment is denied with respect to these claims.

### C.

Kauffman and Owen claim that Branson and Local 461 brought the charges against them in retaliation for their support of changes to the union job referral system. Title I of the LMRDA guarantees union members the right to "express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting." 29 U.S.C. § 411(a)(2). To establish retaliation in violation of Title I, Kauffman and Owen must demonstrate

that: (1) their conduct was an exercise of free speech as defined and protected by Title I of the LMRDA; (2) the defendants took actions against them in substantial part[1] because of this exercise of Title I rights; and (3) they were damaged and suffered an injury as a proximate result of the defendants' actions. *Black v. Ryder/P.I.E. Nationwide, Inc.,* 970 F.2d 1461, 1469 (6th Cir.1992). Kauffman and Owen argue that Branson dissuaded Owen from running for the position of president of Local 461, that the amount of the fines levied against them was unprecedented, and that the issue of changes to the job referral system was not a "dead issue" when the charges were brought. Even according to Kauffman and Owen, the conversation between Branson and Owen about running for president of the local took place in April 1999, after the disciplinary hearing in January 1999, so there is no clear connection between the conversation and the claim of retaliation. However, whether the fines were unprecedented and whether the issue of changes to the referral system was "dead" are relevant to whether the charges were brought to retaliate against them for their support of the changes and whether the fines were proximately caused by the alleged retaliatory actions. Kauffman and Owen properly raise these facts in their Local Rule 56.1(b)(3)(B) Statement (¶¶ 24, 38) and the defendants dispute them (Defendant's 56.1(a) Response ¶¶ 24, 38), so summary judgment is denied on the retaliation claim.

### IV.

Local 461 also moves to strike portions of Kauffman's and Owen's affidavits for failure to comply with Fed.R.Civ.P. 56(e). Because I do not rely on any of the challenged portions, their motion is DENIED

---

1. The Seventh Circuit has not addressed the question of whether the plaintiff must demonstrate the protected expression played a "substantial role" or merely a "role" in the retaliatory action. *See Glover v. Ossey,* No. 93 C 0421, 1995 WL 374029, at *9 (N.D.Ill. June 21, 1995). I need not reach this question because I find there are disputed material facts.

AS MOOT. Local 461's motion for summary is GRANTED IN PART as to the sufficiency of the evidence, and DENIED IN PART as to the remaining procedural due process and retaliation claims.